IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01133-BNB

CHARLES MARTINEZ,

    Applicant,

v.

J. M. WILNER, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 02 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Charles Martinez, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. Martinez initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a supporting brief. He has paid the $5.00 filing fee for a habeas corpus action.

On May 26, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On June 15, 2009, Respondent filed a preliminary response. On June 25, 2009, Applicant filed a reply.

The Court must construe Mr. Martinez's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Martinez alleges that he was arrested on September 28, 2006, for a violation of his supervised release and on suspicion of bank robbery. On January 16, 2007, following a hearing on the violation, his supervised release was revoked and he was sentenced to ten months of incarceration. *See United States v. Martinez*, No. 99-cr-00017-WYD-1 (D. Colo. Jan. 16, 2007). Judgment was entered on the docket on January 31, 2007. On February 26, 2007, he was charged with one count of bank robbery. *See United States v. Martinez*, No. 07-cr-00073-LTB-1 (D. Colo. July 3, 2007). He pleaded guilty to bank robbery, and alleges that he remained in the custody of the United States Marshal until his July 3, 2007, sentencing in No. 07-cr-00073-LTB-1. He was sentenced to sixty-five months of incarceration, to be served concurrently with the sentence imposed in No. 99-cr-00017-WYD-01. Judgment was entered on the docket on July 5, 2007. His current projected release date, via good-conduct-time release, is November 12, 2011.

Mr. Martinez contends that the BOP credited him with 110 days of presentence confinement credits from September 28, 2006, when he was arrested on the supervised release violation, until January 16, 2007, when his supervised release was revoked. However, he contends that he is entitled to an additional 167 days of presentence confinement credits from January 16, 2007, when his supervised release was revoked, until July 3, 2007, the day he was sentenced on his bank robbery conviction. He argues that, if the BOP will not award him the credits pursuant to 18 U.S.C. § 3585(b),

this Court should award him the credits by applying § 5G1.3(b)(1) of the United States Sentencing Guidelines, which provides that, where "a term of imprisonment resulted from another offense that is relevant to the instant offense of conduct under [certain provisions] . . . , the sentence for the instant offense shall be imposed as follows: the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

Respondent argues that Mr. Martinez has failed to exhaust BOP administrative remedies before seeking federal court intervention because he failed to file a final appeal to the Central Office on his administrative remedy series. Mr. Martinez appears to acknowledge, and the record confirms, that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id*. at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Martinez. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy

program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Martinez contends that exhaustion is futile because the "BOP clearly holds that it can not and will not grant relief pursuant to Title 18 § 3585(b), even though Applicant has a strong argument against the BOP in his habeas corpus petition." Reply at 3. The exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). "However, the futility exception is quite narrow." *Holman v. Booker*, No. 98-3124, 1998 WL 864018, at *3 (10th Cir. Dec. 14, 1998) (unpublished). Mr. Martinez fails to convince the Court that exhaustion of administrative remedies would be futile. Because Mr. Martinez has not completed the process of exhausting BOP administrative remedies, he cannot know whether his efforts to exhaust would be futile. The application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy

4

procedure before seeking federal court intervention.

DATED at Denver, Colorado, this __1__ day of __July__, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01133-BNB

Charles Martinez
Reg. No. 28620-013
FCI – Florence
PO Box 6000
Florence, CO 81226

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/2/09

 GREGORY C. LANGHAM, CLERK

 By: _____
  Deputy Clerk